UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**DA'SEAN J. NORBERT,**
Plaintiff,

v.

**TOWN OF NAHANT;**
**LT. STEPHEN SHULTZ;**
**CHIEF TIMOTHY FURLONG,**
Defendants.

**CIVIL ACTION NO.**
**1:25-cv-12414-ADB**

**NOTICE OF RECENT DEVELOPMENT**

(Dismissal of Related Criminal Charges)

Plaintiff Da'Sean J. Norbert, proceeding pro se, respectfully notifies the Court and all parties of the following material recent development:

1.  On or about July 31, 2026, the related criminal charges pending against Plaintiff in Lowell District Court, Docket No. 2511CR004710 (arising from the May 3, 2024 incident in Chelmsford and the subsequent September 25, 2025 arrest in Nahant), were dismissed.

2.  The dismissal of those charges constitutes a material change in circumstances relevant to Plaintiff's claims concerning the suspension of his Massachusetts License to Carry, related enforcement actions, and the reputational harm alleged in this civil-rights action. Plaintiff maintains that those charges supplied a principal factual predicate relied upon by Defendants in connection with the suspension and related actions.

3.  Plaintiff further notes that the involved law-enforcement agencies had received communications and information concerning potential problems with the reliability and integrity of evidence in the underlying investigation. Plaintiff contends that, despite receiving that information, those concerns were not brought to the attention of the Lowell District Court or this Court while the criminal charges and License to Carry suspension remained pending. Plaintiff submits that the subsequent dismissal of the criminal case increases the relevance of those previously identified concerns. Plaintiff does not request that the Court treat disputed allegations concerning the handling of evidence as conclusively established through judicial notice.

4. This development is directly relevant to the pending proceedings in this case, including Defendants' Rule 59(e) motion and any consideration of whether the prior dismissal without prejudice should be revisited or altered, or whether other relief is appropriate.

## LEGAL BASIS

**A. Federal Rule of Evidence 201.** Under Fed. R. Evid. 201(b), a federal court may judicially notice an adjudicative fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Rule 201(c)(2) further provides that the Court must take judicial notice when a party requests it and supplies the necessary information, and Rule 201(d) permits judicial notice at any stage of the proceeding. Plaintiff therefore requests judicial notice of the state-court docket and the fact of the July 31, 2026 dismissal, as reflected in the official Massachusetts Trial Court record.

**B. Federal Rule of Civil Procedure 59(e).** Fed. R. Civ. P. 59(e) authorizes a timely motion to alter or amend a judgment. Because Defendants' Rule 59(e) motion places the form and effect of the judgment before the Court, Plaintiff submits that a material post-judgment development bearing on the circumstances discussed during this litigation may properly be brought to the Court's attention for whatever weight the Court determines it should receive.

**C. Massachusetts Firearms Licensing Law.** Massachusetts firearms licensing is governed in relevant part by Mass. Gen. Laws ch. 140, §§ 121F and 131. Section 121F addresses suspension and revocation of licenses issued under § 131 and requires, among other things, that a revocation or suspension be in writing and state the reasons for the action. Section 131 governs Massachusetts licenses to carry and recognizes that a license remains valid unless revoked or suspended. Plaintiff cites these provisions only to demonstrate why the disposition of a criminal matter asserted to be connected to the licensing action is relevant to the factual circumstances underlying his civil claims; Plaintiff does not contend that dismissal of criminal charges, standing alone, automatically determines the legality of a licensing decision.

**D. Federal Civil-Rights Framework.** Plaintiff's claims arise under 42 U.S.C. § 1983 and the federal constitutional protections invoked in this action. Section 1983 provides a civil remedy for deprivation of federal rights under color of state law. The dismissal of the related criminal charges does not, by itself, establish liability under § 1983, but Plaintiff submits that the official disposition is a material subsequent fact that the Court may consider to the extent it bears on the claims, defenses, alleged damages, and pending post-judgment proceedings.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court take judicial notice, pursuant to Fed. R. Evid. 201, of the official Lowell District Court docket reflecting the July 31, 2026 dismissal of the related criminal charges and consider that dismissal, together with Plaintiff's stated position concerning the underlying evidentiary issues, to the extent relevant to Defendants' pending Rule 59(e) motion and any further proceedings. Plaintiff respectfully limits the request for judicial notice to facts properly subject to Rule 201 and does not ask the Court to deem disputed allegations concerning evidence handling established merely by virtue of this Notice.

Respectfully submitted,

/s/ Da'Sean J. Norbert
Da'Sean J. Norbert
Plaintiff, Pro Se
9 Spring Road
Nahant, MA 01908
Daseannorbertt@gmail.com

Date: August 1, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2026, a true and correct copy of the foregoing was served via electronic mail upon counsel of record for Defendants:

Joseph A. Mongiardo, Esq.
Douglas I. Louison, Esq.
Louison, Costello, Condon & Pfaff, LLP
Ten Post Office Square, Suite 1330
Boston, MA 02109


/s/ Da'Sean J. Norbert
Da'Sean J. Norbert