UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DASEAN NORBERT,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF NAHANT; NAHANT POLICE DEPARTMENT; STEPHEN SHULTZ; TIMOTHY FURLONG,<br><br>Defendants. | * * * * * * * * * * * | Civil Action No. 25-cv-12414-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is a motion to amend the Court's judgment filed by Defendants Timothy Furlong, Stephen Shultz, and the Town of Nahant (collectively, "Defendants"). [ECF No. 55]. For the following reasons, the motion is **DENIED**.

## I. BACKGROUND

In this action, Plaintiff Da'Sean Norbert ("Norbert"), a resident of Nahant, Massachusetts, proceeding pro se, sued Defendants under federal and Massachusetts state law for the suspension of his license to carry firearms ("LTC"). See generally [ECF No. 1-3]. Norbert asserts that the suspension was racially motivated and violated his federal right to due process, as well as his rights under Massachusetts law, [ECF No. 1-3 at ¶¶ 25–31], while Defendants claim that the suspension was based on firearm-related criminal charges brought against Norbert in Massachusetts and Rhode Island state courts, [ECF No. 41 at 1–2].

In late 2025 and early 2026, the parties engaged in several discovery disputes, many of which involved Norbert's refusal to provide certain discovery materials while criminal charges were pending against him. See [ECF No. 32]; [ECF No. 48].

On May 11, 2026, Norbert filed a motion under Federal Rule of Civil Procedure 41(a)(2) seeking to voluntarily dismiss his claims without prejudice pending the resolution of the criminal charges against him, seeking to avoid "unnecessary complications concerning discovery, testimony, evidentiary development, and the preservation of Plaintiff's constitutional rights." [ECF No. 52]. Norbert further submitted that "resolution of the related criminal matters . . . may materially clarify the factual and legal landscape relevant to this civil action and any future proceedings." [Id.]. The Court granted Norbert's motion, [ECF No. 53], and dismissed the case without prejudice, [ECF No. 54].

On June 5, 2026, Defendants filed the present motion for relief under Federal Rule of Civil Procedure 59(e), in which they ask the Court to amend its judgment to convert the dismissal of Norbert's claims without prejudice to a dismissal with prejudice. [ECF No. 55]. Norbert opposed the motion on June 5, 2026. [ECF No. 56].

## II. LEGAL STANDARD

"Rule 59(e) permits a party to move to alter or amend judgment within 28 days of entry of judgment." Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 723 (1st Cir. 2014) (citing Fed. R. Civ. P. 59(e)). In the First Circuit, courts recognize "three grounds for a valid Rule 59(e) motion: an 'intervening change' in the controlling law, a clear legal error, or newly-discovered evidence." Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012) (first citing Morán Vega v. Cruz Burgos, 537 F.3d 14, 18 (1st Cir. 2008); and then citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)).

Reconsideration of a judgment under Rule 59(e) is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Solano v. Barton Assocs., Inc., 177 F.4th 315, 325 (1st Cir. 2026) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). Nonetheless,

"[d]istrict courts have 'substantial discretion and broad authority' in resolving a Rule 59(e) motion." Id. at 321 (quoting Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 81 (1st Cir. 2008)).

## III. DISCUSSION

Defendants do not argue that the Court's dismissal order should be reconsidered based on an intervening change in law or newly discovered evidence. Rather, they argue that the Court committed an error of law by not hearing arguments as to why they would be prejudiced if Plaintiff's complaint were to be voluntarily dismissed without prejudice. [ECF No. 55 at 6]. Defendants claim that such legal prejudice justifies conversion to a dismissal with prejudice. [Id.].

Federal Rule of Civil Procedure 41(a)(2) supplies the standard that governed the Court's voluntary dismissal order. Rule 41(a)(2) provides that, after an answer or a motion for summary judgment is filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court exercises its discretion in deciding whether to impose terms on dismissal, such as whether to require dismissal with prejudice, Colón-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc., 723 F.3d 82, 90 (1st Cir. 2013), and "dismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice,'" id. at 87 (quoting Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981).

In determining whether a defendant will suffer legal prejudice as a result of a dismissal, courts may consider, inter alia, "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation [of] the need to take a dismissal, and the fact that a motion for summary

judgment has been filed by the defendant." Colón-Cabrera, 723 F.3d at 88 (quoting Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000)). Courts, however, "need not analyze each factor or limit their consideration to these factors." Doe, 216 F.3d at 160.

In granting Norbert's motion, the Court found, and continues to find, that the circumstances of this case warrant dismissal without prejudice. As a result of the pendency of Norbert's criminal proceedings, this case was mired in discovery disputes involving issues arising from Norbert's Fifth Amendment right against self-incrimination. See [ECF No. 32]; [ECF No. 48]. The purpose of Norbert's requested dismissal without prejudice, and the Court's grant of the same, was to allow those state court proceedings to play out, both to stem further discovery disputes and to allow the state courts' resolution of issues relevant to this civil case without implicating Norbert's Fifth Amendment rights. [ECF No. 52]. The Court finds that dismissal without prejudice under these circumstances is an eminently reasonable method for preserving judicial and party resources, while also protecting Norbert's constitutional right not to incriminate himself, and Defendants point to no authority suggesting that the Court's decision constituted legal error.

Defendants raise several arguments, none of which is availing. First, Defendants argue that they "have invested significant time and resources into discovery and in preparing for dispositive motion practice in this matter," and that they should therefore be allowed to proceed with dispositive motions. [ECF No. 55 at 3–4]; see also [id. at 5–6 ("Dismissal also . . . frustrates Defendants['] efforts to resolve this case through dispositive motions."). Norbert's dismissal without prejudice, however, does not preclude Defendants from filing their dispositive motions later should Norbert decide to reassert his claims in the future, so it is unclear what prejudice Defendants contend they are facing. To the extent that Defendants' argument rests on

their desire for finality, the Court notes that "the mere prospect of a second lawsuit" does not constitute legal prejudice. Doe, 216 F.3d at 161 (quoting Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994)).

Defendants next argue that dismissal without prejudice "would result[] in delays, inefficiencies, and wasted work," because Defendants would "hav[e] to engage in discovery from scratch" in a subsequent action. [ECF No. 55 at 4]. Defendants do not explain, and the Court sees no reason why, the work the parties have put into discovery would be "wasted" if Norbert refiled his action. Defendants point to no reason why the discovery exchanged thus far could not be used in any subsequent proceedings involving the same claims. If anything, allowing the state court proceedings to play out will help simplify and streamline the remaining discovery needed on Norbert's claims by precluding future disputes over Norbert's Fifth Amendment privilege.

Defendants then fault Norbert for his discovery conduct, arguing that dismissal should be with prejudice because Norbert has "repeatedly frustrated the discovery process necessitating multiple motions to compel." [ECF No. 55 at 4]. Although Defendants have had to file motions to compel, Magistrate Judge Kelley has expressly found Norbert's "reticence to produce" certain materials "understandable," given the constitutional interests at issue. [ECF No. 48 at 3]. Norbert's invocations of his right against self-incrimination have at times been overbroad, but the Court will not punish him for that by throwing out his claims, particularly given Magistrate Judge Kelley's refusal to grant Defendants that same relief, [ECF No. 48 at 2–3], and Norbert's status as a pro se litigant.

Defendants further argue that "dismissal without prejudice . . . allow[s] Plaintiff to escape compliance with [Magistrate Judge Kelley's] discovery order," and that "his effort to voluntarily

dismiss was a clear attempt to avoid an imminent adverse ruling." [ECF No. 55 at 4–5]. The dismissal of Norbert's claims, however, does not allow him to escape compliance with his discovery obligations if he wishes to renew his claims. Should Norbert choose to file these or related claims in the future, Defendants will be entitled to the same discovery from Norbert that they were entitled to before dismissal, including the categories of documents addressed in Magistrate Judge Kelley's order. [ECF No. 48].

Finally, Defendants argue that Norbert should not be allowed to dismiss his damages claims without prejudice because "the Parties filed a joint motion indicating that the Plaintiff would be voluntarily dismissing his claims of lost wages and income-related damages with prejudice." [ECF No. 55 at 5]. That earlier indication, however, was unrelated to Norbert's subsequent dismissal of his civil claims pending the resolution of his criminal case. If Defendants believe that Norbert made a binding commitment to forego his damages claims during their settlement discussions, they may raise that argument in any future action.

At bottom, Defendants have not shown that the Court's decision to allow Norbert to dismiss his claims without prejudice was "a manifest error of law," Solano, 177 F.4th at 325, and are therefore not entitled to relief under Rule 59(e).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to amend the Court's judgment, [ECF No. 55], is **DENIED**.

**SO ORDERED.**

September 2, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE